IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SS&C TECHNOLOGIES, INC., a Delaware corporation,<br><br>Plaintiff,<br>v.<br><br>CONSULTORES PUEBLO BONITO, S.A. DE C.V., a Mexico corporation,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:17-cv-01246<br><br>District Judge Dee Benson |

Before the court is Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b) and the doctrine of *forum non conveniens*. The motion has been fully briefed by the parties, and the court has considered the facts and arguments set forth in those filings. The court now elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. DUCivR 7-1(f).

## **BACKGROUND**

Plaintiff SS&C Technologies (SS&C) is a Delaware corporation with its principal place of business in Windsor, Connecticut. Dkt. No. 13 at 2. Consultores Pueblo Bonito (CPB) is a corporation based in Mazatlan, Sinaloa, Mexico. *Id.* SS&C owns TimeShareWare, a Utah company whose software was the basis for the relationship between SS&C and CPB. *Id.* at 2-3. In June 2014, CPB agreed to license the TimeShareWare software from SS&C and requested that SS&C perform related services. *Id.* at 3. The parties' agreement was memorialized on or around June 23, 2014 in a document entitled Master Services Agreement for Software, Maintenance and Support, Professional Services, and Other Services ("Master Agreement."). Dkt. No. 2 ¶ 9. The Master Agreement contains the following section:

> 6.7.8 Choice of Law; Choice of Forum. This Master Agreement shall be interpreted, construed and in all respects governed under the laws of Mexico without regard to conflicts of law principles. Any action, suit or proceeding related to any dispute, claim or controversy or otherwise related to the rights and obligations of the parties under this Master Agreement shall be brought in the state or federal courts located in Mexico. The parties hereto submit to the exclusive jurisdiction of such courts.

Dkt. No. 10 at 3.

On April 20, 2017, CPB sued SS&C in the Forty-Third Court for Civil Matters in Mexico City, Mexico. Dkt. No. 13 at 3. CPB alleged breach of contract claims arising out of claimed deficiencies in SS&C's performance under the Master Agreement. *Id.* SS&C answered the complaint, raising lack of jurisdiction as a defense, and filed a motion to dismiss for lack of jurisdiction. *Id.* In that motion, SS&C made effectively the same argument it makes here—that the forum selection clause in the parties' contract was too ambiguous to be enforceable. SS&C then sued CPB in the United States District Court for the District of Utah for breach of contract, among other claims. *Id.* at 4.

In Mexico, the trial court transferred the case to the State Court of Appeals to adjudicate the matter of jurisdiction. *Id.* at 5. The State Court of Appeals granted the motion to dismiss, finding that the forum selection clause was unenforceable under Mexico law. *Id.* CPB sought review of this decision in an *amparo* proceeding in the Federal Circuit Court.[1] *Id.* at 8. The Eighth Collegiate Civil Court of the First Circuit (the Federal Circuit Court) reversed the State Court of Appeals, finding that the forum selection clause was enforceable under Mexico law.

---

[1] "*Amparo* is an extraordinary constitutional appeal, which may be filed in [Mexico] federal court, by Mexicans and by foreigners. It is often referred to as a 'constitutional protection lawsuit,' which is basically governed by articles 103 and 107 of the [Mexico] Federal Constitution. The *amparo* proceedings may be used for several purposes: 1) as a defense of the individual guarantees provided in the Constitution; 2) against unconstitutional laws; 3) to review the legality of judicial decisions; 4) against final administrative decisions, awards, and resolutions affecting private parties; or 5) to protect communal right of an agrarian nature." Guttierrez, Norma, *Mexico: New Amparo Law is Enacted*, Library of Congress (April 30, 2013), https://www.loc.gov/law/foreign-news/article/mexico-new-amparo-law-is-enacted/.

*See* Dkt. No. 13 Ex. F.  SS&C filed a complaint appeal, and the Third Civil Appeal Court of Mexico City confirmed the Federal Circuit Court's decision, allowing the litigation to proceed in Mexico. *Id.*

With the Mexico litigation ongoing, SS&C filed suit against CPB in the United States District Court for the District of Utah.  CPB now moves to dismiss the United States action on the basis of *forum non conveniens*.  The motion has been fully briefed by the parties.

## **DISCUSSION**

The portion of the contract quoted above contains two critical provisions.  First, its choice-of-law provision states that the contract must be interpreted in accordance with Mexico law.  The parties agree that this term is enforceable and do not dispute its meaning.  *See* Dkt. No. 13 at 11-13 (arguing that the forum selection clause is unenforceable under Mexico law); Dkt. No. 17 at 18 ("Mexico law controls the agreement").  Federal courts routinely honor similarly unambiguous choice-of-law provisions in private contracts.  *See, e.g.*, *Volt Info. Scis., Inc. v. Bd. of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468 (1989); *Cagle v. The James St. Grp.*, 400 F. App'x 348 (10th Cir. 2010).  The contract is therefore governed by Mexico law.

The contract also includes a seemingly unambiguous forum selection clause: "Any action . . . related to the rights and rights and obligations of the parties under this Master Agreement shall be brought in the state or federal courts located in Mexico. The parties hereto submit to the exclusive jurisdiction of such courts."  Interpreting this clause "according to ordinary principles of contract interpretation" requires adherence to the choice-of-law provision in the contract.  The clause, then, must be interpreted under Mexico law.

SS&C argues that the forum selection clause is unenforceable under Mexico law.  Dkt. No 13 at 11.  It claims that Mexico law requires all forum selection clauses to "specify the state

3

or federal court in which the litigation must be brought, as well as the jurisdiction and the judge." *Id.* Because the clause fails to identify a specific court and judge in Mexico, SS&C claims that the clause is unenforceable under Mexico law. *Id.* at 13. Yet the Federal Circuit Court in Mexico, interpreting the contract under Mexico law, disagreed. *See* Dkt. No. 13 Ex. F. That appellate court found it was "the will of the parties to waive any other court which does not belong to Mexico," and that Article 1093 of the Commercial Code does not require the inclusion of "the sacramental phrase that they waive the courts of the United States of America." *Id.* at 4-5. On remand, the Third Civil Court found that the forum selection clause "meets the requirements of article 1093 of the Commercial Code" because "it was clear and definite" and "leaves no room for doubt with respect to such waiver . . . ." *Id.* at 11-12.

SS&C now requests that this court disregard the rulings of two Mexican courts on a specific question of Mexico law. In support, SS&C provides expert testimony on Mexico law and analogous decisions from Mexico to support its contention that the forum selection clause is invalid. Yet this court need not rely on analogous decisions or expert testimony—two Mexican courts examined the exact clause at issue here and held it enforceable in this very case. Dkt. No. 13 Ex. F. Those courts found that it conferred jurisdiction in Mexico and, more importantly for this matter, they found that it waived the jurisdiction of the United States. *Id.* Under Mexico law, as interpreted by courts in Mexico, the forum selection clause is valid and the parties have submitted exclusively to jurisdiction in Mexico.

In the presence of a valid and enforceable forum selection clause, the modified *forum non conveniens* analysis places a heavy burden on the party challenging the clause. *Atlantic Marine Consturciton Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 62-63 (2013). The private-interest considerations of *forum non conveniens* are irrelevant because parties who agree

to such a clause "waive the right to challenge the preselected forum as inconvenient. . . ." *Id.* at 64. The court "may consider arguments about public-interest factors," but the "practical result is that forum-selection clauses should control except in unusual cases." *Id.*

Here, the parties specifically agree to bring all claims in Mexico and submit to the "exclusive jurisdiction" of Mexican courts. The court "should not consider arguments about the parties' private interests" when the parties have agreed to this clause. *Atlantic Marine*, 57 U.S. at 64. The public-interest factors relevant here include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." *Id.* at 62, n. 6. In this case, Utah's local interest is minimal—the contract is between two companies, one headquartered in Connecticut and one in Mexico. Only a subsidiary of the Connecticut company is located in Utah. Court congestion may be a concern in Mexico, as claimed by SS&C, but proceedings in Mexico have already begun and this factor alone is not enough to overcome the forum selection clause. And Mexico courts are certainly more "at home with the law" than courts in the United States when interpreting a contract governed by Mexico law. Given that the public-interest factors are not "exceptional," the forum selection clause should "be given controlling weight." *Kelvion, Inc. v. PetroChina Canada Ltd.*, 918 F.3d 1088, 1091 (10th Cir. 2019) (internal citations omitted).

## **CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss is GRANTED.

Entered this 17th day of January, 2020.

BY THE COURT

_____
U.S. District Judge Dee Benson